# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HAROLD PATTERSON,

        Plaintiff,

  v.

ORA, INC.,

        Defendant.

Civil Action No. 20-cv-12088-RGS

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, the parties in the above-captioned matter, by and through their respective counsel, and pursuant Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Confidentiality Protective Order as follows:

1.     **Scope.** This Stipulated Confidentiality Protective Order ("Order") shall apply to information, testimony, documents, and things provided by the parties in the above-captioned matter that either party believes reasonably and in good faith to contain proprietary, personal, or confidential information that is not generally disclosed to the public by the parties and any other information that is required by law or agreement to be kept confidential.

2.     **Non-Disclosure of Confidential Documents.** No confidential document may be disclosed to any person except as provided in Paragraph 3 below. A "confidential document" means any document that bears the legend "CONFIDENTIAL." In the event that a party inadvertently fails to designate a document as confidential, and the party reasonably and in good faith believes that it should be so designated, the party may subsequently make such a designation by notifying the recipient's counsel in writing as soon as practicable. After receipt

70642566v.2

1

of such notification, the recipient will treat the information as if it had been designated confidential at the time the information was produced.  The parties agree that either party may designate appropriate documents prior to the Court's entry of this Order.

3.    **Permissible Disclosures.**  Documents and information stamped "CONFIDENTIAL" may be disclosed to: (i) counsel for the parties in this action who are actively engaged in the conduct of this litigation, including counsel's legal and clerical assistants; (ii) a party, or an officer, director, or employee of a corporate party deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of this action; (iii) any person designated by the Court; (iv) persons sitting for depositions or appearing as trial witnesses; (v) court reporters employed in this action; (vi) outside consultants or experts retained for the purpose of assisting counsel in the litigation; and (vii) any other person as to whom the parties in writing agree, provided, however, that unless otherwise agreed to by the parties, persons identified in subparts (iv), (vi), and (vii) shall sign the form appended as Exhibit A prior to the disclosure of any confidential documents to such person.

4.    **Dispute Regarding Classification.**  In the event that a party objects to the designation of any document or documents as confidential by the other party, the objecting party shall provide notification of the objection to counsel for the party asserting confidentiality.  The designating party shall then have five business days to provide the basis for or remove the designation.  In the event that the designating party continues to assert confidentiality over the objecting party's objection, the designating party shall submit the issue to the Court.  If the designating party does not submit the dispute to the Court, the document(s) at issue shall no longer be considered Confidential.  Any document(s) that are stamped confidential and subject to

2

challenge shall be treated as subject to the protections of this stipulation until the Court orders otherwise.

5. **Designation of Transcripts.** When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the designating party shall, with the cooperation of all other parties, make arrangements with the reporter during the course of such deposition or other proceeding to label such transcript, portions thereof and/or exhibits as "CONFIDENTIAL." In the alternative, a party may designate, in writing, such transcripts, portions thereof and/or exhibits as "CONFIDENTIAL" after receipt by the designating party of the original or a copy thereof.

6. **Use of Confidential Information.** Persons obtaining access to confidential documents or information under this Order shall use the information only for preparation and trial of this litigation (including during discovery, motion practice, mediation, appeals and retrials), and shall not use such information for any other purpose, including but not limited to use in business, governmental, commercial, administrative, or judicial proceedings or transactions other than the present action.

7. **Filing of Confidential Information.** To the extent that any party seeks to file documents or information subject to this stipulation with the Court, the filing party may either (a) file a motion for leave to file the information under seal pursuant to Local Rule 7.2 prior to submitting such material to the court, or (b) seek and obtain the producing party's consent to file such information without such protections. Any documents filed under seal shall remain sealed while in the office of the Clerk so long as they retain their status as confidential documents, in accordance with the governing Local Rule.

**8.     Non-termination.** The provisions of this Order shall not terminate at the

conclusion of this action.  Upon completion of this litigation, the receiving party shall, upon

request by the producing party, return, or destroy all Confidential material.

**9.     No Waiver**.  The inadvertent, unintentional, or in camera disclosure of

confidential documents and information shall not be deemed a waiver of the producing party's

claims of confidentiality.  If a party inadvertently or unintentionally produces any confidential

document or information without marking or designating it as such, the party may, promptly

upon discovery, furnish a substitute copy properly marked along with written notice to all parties

(or written notice alone as to non-documentary information) that such information is deemed

confidential and should be treated as such in accordance with the provisions of this Order.  Each

person receiving such a notice must treat the inadvertently produced, confidential information as

confidential.  If the inadvertently produced, confidential information has been disclosed prior to

the receipt of such notice, the party that made the disclosure shall notify the party providing

notice of inadvertent disclosure as soon as practicable.

**10.     Production of Privileged Material.**  The parties agree that the production of

communications, documents or information protected by the attorney-client privilege, work

product doctrine, or any other privilege or protection from disclosure ("Privileged Material"),

whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in

this case or in any other federal or state proceeding.  If the receiving party receives documents,

ESI or other forms of information from the producing party that, upon inspection or review,

potentially and reasonably appears to contain Privileged Material, the receiving party shall

immediately stop review of such information and promptly return, delete, or destroy all copies of

the Privileged Material.  Upon written notification from the producing party to the receiving

4

party identifying Privileged Material, the receiving party shall not review the disclosed

Privileged Material; shall return, delete, or destroy all copies of the disclosed Privileged

Material; and shall make no further use of such Privileged Material.  The parties agree that this

Order shall be interpreted to provide the maximum protection allowed by Federal Rule of

Evidence 502(d).

11.     Nothing contained in this Order and no action taken pursuant to it shall prejudice

the right of any party to contest the alleged relevancy, admissibility, or discoverability of

confidential documents and information sought.

BY THE COURT:

_____
United States District Judge

DATED:  June 4, 2021
SO AGREED AND STIPULATED TO:

/s/ *Katherine C. Oeltjen*
_____

Katherine C. Oeltjen (BBO # 662623)
oeltjen@consolelaw.com
CONSOLE MATTIACCI LAW, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Telephone: (215) 545-7676
Facsimile: (215) 565-2859

COUNSEL FOR PLAINTIFF

/s/ *Daniel B. Klein*
_____

Daniel B. Klein (BBO # 638059)
dklein@seyfarth.com
Emily J. Miller (BBO# 705662)
emmiller@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
Telephone:     (617) 946-4800
Facsimile:     (617) 946-4801

COUNSEL FOR DEFENDANT

70642566v.2